

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXWXXXXXXXXXX
ATTORNEY GENERAL

Honorable W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Sir:                Opinion No. 0-2662
                         Re:  Constitutionality of Article
                              4413, Section 11, Vernon's Re-
                              vised Civil Statutes.

        In your letter of August 28, 1940, you ask for an
opinion upon the constitutionality, under Article 4, Section
10, of the Constitution of the State of Texas, of Section 11
of Article 4413, Vernon's Revised Civil Statutes.


        Article 4, Section 10 of the Constitution provides
in part as follows:

        "He (the Governor) shall cause the laws to be
    faithfully executed, . . . ."

        In 1901, the Legislature passed legislation which
provided for the organization of the Ranger Force and pro-
vided that this force should always be under the command of
the Governor, for the purpose, among others, of aiding in
the enforcement of the laws of the State.  In the act of the
44th Legislature, incorporated in Vernon's Civil Statutes as
Article 4413, the Texas Ranger Force was transferred to and
placed under the jurisdiction of the Department of Public
Safety, constituting such Texas Rangers a division of the
Department of Public Safety.

        You ask whether this later law is constitutional,
under the section of the Constitution above referred to.  You
also ask that we advise you, if we find that the law is con-
stitutional, what means the Governor has of carrying out his
constitutional duty of "causing the laws to be faithfully ex-
ecuted."

        The provision of the Constitution above quoted does
not require or contemplate that the Governor is himself to
execute the laws of the State, but is intended only to obli-
gate him to see that the proper officers of the State do ex-
ecute such laws.  Shields vs. Bennett, 8 W. Va. 74.  Such

general words as are found in this constitutional provision cannot be made the basis of an implication of want of legislative authority to vest the execution of the laws of the State in such officers as may seem to the Legislature necessary or advisable. Henry vs. State, 87 Miss. 1, 39 So. 856.

Insofar as the matter of the means by which the Governor may compel the laws to be faithfully executed is concerned, there is little that he can do save to bring about the faithful execution of the laws by moral suasion. In exceptional circumstances, when the civil arm of the government is powerless because of invasion, insurrection, or anarchy, the Governor has the power to call forth the Militia to execute the laws of the State. Constitution Article 4, Section 7; Rose Manufacturing Company vs. Western Union Telegraph Company (Civil Appeals) 251 S. W. 337. In instances where the Governor has the power to remove officers of the government, he has, by virtue of that authority, a means of compelling the laws to be faithfully executed.

In the case of Houston Tap and Brazoria Railway Company vs. Randolph, 24 Tex., 343, the court said:

"The Governor is the head of the executive department of the State, and it is made his duty, by the constitution, to 'take care that the laws be faithfully executed.' It is evidently contemplated, that he shall give direction to the management of affairs, in all the branches of the executive department. Otherwise he has very little to do. Where he has the power of removal, he can assume authoritative control absolutely, in all of the departments. This being the case in the United States government, results in the entire unity of its executive department. The absence of that absolute power of the chief executive in this state, must occasionally produce a want of harmony in the executive administration, by the inferior officers of that department declining to comply with the wishes, or to follow the judgment of the governor. That is an inherent difficulty in the organization of that department, and the conflicts arising out of it, cannot be adjudicated or settled by the judiciary. The fact that there is no remedy for an injury growing out of such conflict, cannot justify another department, to wit, the judiciary, in overstepping the boundary of its prescribed authority, for the purpose of furnishing a remedy."

The court in that case goes on to point out that the

authority to provide means by which the governor may be able effectively to "cause the laws to be faithfully executed" rests in the legislative branch of the government, and until the legislative branch of the government shall provide those means, there is little that the executive is able to do in order to effectively compel the faithful execution of the laws of the State of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/R. W. Fairchild
Richard W. Fairchild
Assistant

RWF: rw : wc


APPROVED SEP 5, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman